UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: Carol Ferri,

No. 13-08-12399 JA

Debtor.

# ORDER OVERRULING OBJECTION TO
# DEBTOR'S MOTION FOR APPROVAL OF WAIVER OF DISCHARGE

The matter came before the Court on the Debtor's Motion for Court to Accept Waiver of Discharge ("Motion"), filed April 4, 2011 (Docket No. 158), and the objection thereto filed by Barbara Weith, Special Administrator of the Estate of Peter Weith (Docket No. 160). The Court heard argument on July 25, 2011 and gave the parties the opportunity to submit briefs or lists of authorities. The Court, having considered the record in the pending chapter 7 case and in associated Adversary Proceeding No. 10-1115 J, the briefs submitted by counsel, argument, and applicable case law, has determined that the Motion will be granted if the Debtor demonstrates to the satisfaction of the Court that the waiver of discharge is a voluntary, conscious and informed decision on her part made after consultation with counsel, and that she is aware of the consequences of her waiver of the discharge.

## BACKGROUND AND FINDINGS OF FACT

On July 25, 2011, the Debtor, Carol Ferri, filed a chapter 11 bankruptcy case. The Debtor converted the chapter 11 case to a case under chapter 13 on October 7, 2009. The chapter 13 case was converted to a case under chapter 7 on April 6, 2010. The chapter 7 case is still pending.

On July 26, 2010, Barbara Weith, Special Administrator of the Estate of Peter Weith, filed a Complaint Objecting to Discharge of Debtor under 11 U.S.C. § 727, thereby commencing Adversary No. 10-1115. In the Complaint, the Plaintiff alleges, among other things, that 1) the

Debtor failed to account for funds expended pre-petition; 2) the Debtor's Schedules I and J fail to list all of her income and expenses as required; 3) the Debtor's Statement of Financial Affairs failed to disclose all income required to be disclosed; and 4) that the Debtor failed to comply with various requirements while in Chapter 7, 11, and 13, including failure to turn over all records to the Chapter 7 trustee, failure to file a complete or accurate initial chapter 11 report or complete or accurate periodic chapter 11 and 13 operating reports, failure to file various operating reports in violation of a court order, and failure to account for expenditure of funds while in chapters 11 and 13. The Plaintiff seeks denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(6) and (a)(7). Barbara Weith, Special Administrator of the Estate of Peter Weith, has not filed an objection to dischargeability of any debts, and is not seeking a monetary judgment against the Debtor from the bankruptcy court.

In Adversary No. 10-1115, the Plaintiff filed a Motion for Summary Judgment on January 24, 2011 with a 35-page supporting brief. The time for the Debtor-Defendant to respond was extended by stipulation of the parties to April 7, 2011, and was then further extended by order of the Court pending a ruling on Debtor's Motion for Court to Accept Waiver of Discharge. The record reflects that no discovery has been taken in the adversary proceeding. In support of Plaintiff's Motion for Summary Judgment, the Plaintiff relies on documents filed of record and testimony given prior to commencement of the adversary proceeding.

DISCUSSION

The Debtor, Carol Ferri, seeks to voluntarily waive her discharge under 11 U.S.C. § 727(a)(10). Barbara Weith, Special Administrator of the Estate of Peter Weith objects, arguing that the Court should take into account the best interest of creditors when considering whether to approve a voluntary waiver of discharge under that section. Ms. Weith asserts that a waiver of

discharge (as opposed to a litigated denial of discharge) is not in the best interest of creditors for the following reasons: 1) a waiver of the discharge would enable the Debtor to avoid a finding of moral turpitude, and thereby deprive creditors of using that finding as a basis to impeach the Debtor's creditability in subsequent litigation; 2) a waiver of the discharge would insulate the Debtor from being subjected to further discovery regarding her wrongdoing in this chapter 7 case; and 3) a waiver of the discharge would lessen the prospect of criminal prosecution of the Debtor for violation of the Bankruptcy Crimes Act. The Debtor counters that the interests of creditors is not relevant to the Court's consideration of approval of a waiver of discharge under 11 U.S.C. §727(a)(10).

Section 727(a)(10) imposes at least four requirements for an effective discharge waiver: (1) the waiver must be in writing; (2) the waiver must be signed by the debtor; (3) the waiver must be filed post-petition; and (4) the waiver must be approved by the court. *See* 11 U.S.C. § 727(a)(10)("The court shall grant the debtor a discharge unless – the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.").[1] In addition, the waiver of discharge must be a knowing, voluntary act on the part of the Debtor. *See In re Eliscu*, 163 B.R. 335, 340 (Bankr. N.D.Ill. 1994)("Practice dictates that a court should determine that the debtor seeking approval of the waiver is aware of the consequences of the actions and that the Debtor's decision to waive the discharge is voluntary.")(citation omitted).[2]

The Court recognizes that there is a split of authority regarding whether the Court should also take the interests of creditors into account when deciding whether to approve a waiver of

---

[1] *See also, In re Asbury,* 423 B.R. 525, 529 (8th Cir.BAP 2010)(identifying these four requirements under 11 U.S.C. § 727(a)(10)); *Walton v. McCutcheon (In re McCutcheon)*, 448 B.R. 863, 865 (Bankr. N.D.Ga. 2011)(same).
[2] *See also, In re Mapother*, 53 B.R. 433, 435-36 (Bankr.W.D.Ky.1985) (stating that a "waiver must present a conscious and informed judgment by the debtor as to the consequences thereof . . . "). *Cf. Johnson v. Laing (In re Laing)*, 146 B.R. 482, 483 (Bankr.N.D.Okla.1992), *aff'd,* 1993 WL 732230 (N.D.Okla. 1993), *aff'd,* 31 F.3d 1050 (10th Cir. 1994)(holding that the debtor was bound by provision in Chapter 11 plan that provided for debtor's waiver of discharge under § 727(a)(10) as to any future bankruptcy and that included a finding that the waiver was a conscious and informed judgment by the debtor who was fully informed of the consequences of such waiver).

discharge pursuant to § 727(a)(10). For example, in *Asbury*, 423 B.R. at 529, the Eight Circuit held in a 2 – 1 decision that "the court may take the creditors' interests into consideration[]" when determining whether to grant a waiver of discharge under 11 U.S.C. § 727(a)(10). Other courts have approved a waiver of discharge based solely on a finding that the waiver was an intentional relinquishment of a known right on the part of the debtor. *See, e.g., Laing,* 146 B.R. at 483; *Mapother*, 53 B.R. at 435.

In disposing of the Debtor's motion to accept waiver of discharge under 11 U.S.C. § 727(a)(10), this Court need not decide whether it may take the interests of creditors into account because none of the concerns raised by Ms. Weith are sufficient to deny approval of the Debtor's waiver of discharge. In *Asbury,* several creditors filed adversary proceedings objecting to the dischargeability of particular debts under 11 U.S.C. § 523 and objecting to discharge under 11 U.S.C. § 727. The Asburys first sought to dismiss their bankruptcy case, then withdrew that motion and had Mr. Asbury file a waiver of discharge. *Id.* at 527. Three of the Asburys' creditors objected to Mr. Asbury's waiver of discharge, asserting that the debtor was wrongfully attempting to avoid having judgments entered against him in the adversary proceedings in order to force those creditors to pursue him in state court. *Id.*

In contrast, Ms. Weith's adversary proceeding against Ms. Ferri is not a case where a creditor has requested a monetary judgment as part of a non-dischargeability claim. Approving Ms. Ferri's waiver of discharge would not moot a claim for a money judgment, and therefore would not create the potential for expensive duplicative litigation or forum shopping by the defendant.

Any interest creditors may have in using the pending adversary proceeding to obtain findings that would serve as a basis to impeach the Debtor's creditability in subsequent litigation,

-4-

or to request a referral to the Department of Justice for consideration of criminal prosecution, is insufficient to deny approval of a voluntary waiver of the Debtor's discharge. The Department of Justice has resources to investigate, in appropriate circumstances, whether criminal prosecution under the Bankruptcy Crimes Act is warranted. That is particularly true here where Ms. Weith asserts that the discharge objection can be determined on her pending motion for summary judgment. Creditors have recourse under Rule 608 of the Federal Rules of Evidence to use character evidence to seek to impeach the credibility of the Debtor. Finally, the nature and extent of the Plaintiff's objections to discharge suggest that a determination of the objection on the merits would be expensive for the parties if a decision is not made on summary judgment. Plaintiff has not conducted extensive discovery in the adversary proceeding to prove its claim, the motion to approve a waiver of discharge is not made on the eve of or after trial, and there is no request by the Plaintiff for monetary damages. There is little to suggest that the Defendant is inappropriately attempting to manipulate the bankruptcy system by seeking to voluntarily waive her discharge. It is, therefore, simply unnecessary for the Court to conduct a trial in the adversary proceeding to adjudicate a claim for relief to which the Debtor will stipulate.

Based on the foregoing, the Court will approve the Debtor's waiver of discharge if the waiver is a voluntary, conscious and informed decision on the part of the Debtor made after consultation with counsel, and with knowledge of the consequences of her waiver of the discharge. The Court will set a hearing on the Debtor's Motion for Court to Accept Waiver of Discharge so the Court may ascertain whether the requested waiver of discharge is made knowingly and voluntarily.

IT IS THEREFORE ORDERED that the objection of Barbara Weith, Special Administrator of the Estate of Peter Weith, to Debtor's Motion for Court to Accept Waiver of

Discharge is overruled. The Court will set a hearing on the Debtor's Motion for Court to Accept Waiver of Discharge so the Court may ascertain whether the requested waiver of discharge is made knowingly and voluntarily.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Entered on Docket Date: September 7, 2011

Copies to:

R Trey Arvizu, III
PO Box 1479
Las Cruces, NM 88004-1479
*Attorney for Debtor*

Kelly P. Albers
Law Office of Kelly P. Albers, P.C.
650 Montana Avenue, Suite D
Las Cruces, NM 88001
*Counsel for Barbara Weith, Special Administrator of the Estate of Peter J. Weith and as successor-in-interest to Creditor, Peter Weith*